**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DARRION A. STEWART, | ) | CASE NO:  3:11-CV-507 |
| | ) | |
| Petitioner, | ) | JUDGE CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE BURKE |
| | ) | |
| DON MORGAN, Warden,[1] | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | Doc. No. 7 |

Before the Court is a Motion (the "Motion") filed by Petitioner Darrion A. Stewart
("Stewart").  Although captioned  "Motion to Hold Pending Motion in Abeyance" ( Doc. No. 7),
the Motion actually seeks an order holding this entire action in abeyance.  Respondent opposes
the Motion.  Doc. No. 8.  For the reasons set forth below, the Court should deny the Motion and
order Petitioner to file a response by way of a Traverse to Respondent's Answer/Return of Writ
within 30 days.

I.

Stewart was convicted in state court of Trafficking in Crack Cocaine and 22 additional
Counts.  *State v. Stewart*, Case No. 07CR0154, Seneca County, Ohio, Court of Common Pleas.
In his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed in this Court on March
11, 2011 (Docket No. 1) (the "Petition"), Stewart challenges the constitutionality of his
conviction.  Stewart raises the following three grounds for relief:

---

[1]  Keith Smith is the Warden of the Toledo Correctional Institution where Stewart currently is incarcerated.
Doc. No. 7,  p. 1.

**GROUND ONE:**  Right to Confrontation was violated when the trial court admitted statements of out-of-court co-conspirator made to police in anticipation of prosecuting.

**GROUND TWO:** Right to Due Process was violated when the trial court admitted evidence of co-defendant's guilty pleas as to certain conduct as substantive evidence of Stewart's guilt as to the same charged conduct.

**GROUND THREE:** Due Process Right to be convicted only based upon proof beyond a reasonable doubt was violated as to nine counts relating to possession of drugs and contraband and gang activity.

(Punctuation, capitalization, and typographical errors altered from the original).  Doc. No. 1, pp. 6-10.

In his Answer/Return of Writ, Respondent sets forth the procedural history of this case and lists the claims Stewart raised in the state courts on direct appeal, which specifically include the three grounds for relief raised in the Petition.  Doc. No. 5, pp. 10-11.  Respondent acknowledges that all of the grounds for relief that Stewart has raised in the Petition have been exhausted in the state courts on direct appeal.  Doc. No. 5, p. 16.  Respondent also concedes that the Petition is not time-barred. Doc. No. 5, p. 14.

Stewart now moves the Court to hold the Petition in abeyance pending the exhaustion of a post-conviction proceeding that he intends to initiate in state court no later than September 22, 2011.  Doc. 7, p. 3.  Although not entirely clear from his motion, it appears that Stewart intends to raise new grounds for relief in state court through the post-conviction proceeding he intends to commence and then amend the current Petition to include these grounds once he exhausts state remedies in the new post-conviction proceeding.  Doc. 7, pp. 2-3.  Stewart's Motion does not state what new grounds he intends to raise nor does it provide any explanation for his failure to

raise the new grounds earlier.  Respondent opposes this motion, arguing that the circumstances do not justify a stay of this case.  Doc. 8.

II.

As a rule, a state prisoner must exhaust all available state remedies or have no remaining state remedies available before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  The exhaustion requirement is satisfied when the petitioner fairly presents all his claims to the highest court of the state in which the petitioner was convicted, thereby giving the state one full round of its established review procedures to consider the petitioner's claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

If the habeas petition is a "mixed petition" (i.e., one that includes both exhausted and unexhausted claims), federal district courts have the "discretion to stay to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition."  *Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006) (citing *Rhines v. Weber*, 544 U.S. 269, 278-79 (2005)).  In the context of "mixed petitions," the Supreme Court has stated that a district court should grant a stay if:

> [T]he petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines*, 544 U.S. at 278.

A habeas petition is not considered a "mixed petition" if a petitioner raises an unexhausted claim in state court that is not included in the habeas petition in the hope of later amending the petition to include the claim.  *Stedman v. Hurley*, No. 1:05-cv-2051, 2006 U.S.

3

Dist. LEXIS 72368, *2 (N.D. Ohio Oct. 4, 2006) ( "Petitioner's unexhausted claim of actual innocence pending in state court is not included in his Petition and, therefore, the Petition is not a 'mixed petition' which permits a court to stay exhausted claims while unexhausted claims are resolved"); *see also Razo v. Bradshaw*, No. 1:05-cv-1106, 2006 U.S. Dist. LEXIS 44347, 2006 WL 1805896 (N.D. Ohio June 29, 2006) (holding that the court is not required to dismiss or stay a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas proceedings).  For example, in *Moore v. Wilson*, 2008 U.S. Dist. LEXIS 108930, 2008 WL 2556669, *2 (N.D. Ohio June 20, 2008), the petitioner moved to stay his federal habeas case pending the outcome of a subsequently initiated state court proceeding challenging his sentence.  The petitioner, however, had not raised any related claims in his federal habeas petition.  The district court stated, "Petitioner does not claim that he returns to state court to exhaust a claim currently before this Court. . . . Therefore, this case does not trigger the *Rhines* reasoning to stay the case to permit state exhaustion of unexhausted habeas claims in a mixed petition context."  *Id.* at *5.

Stewart's Petition is not a "mixed petition" containing exhausted and unexhausted claims.   Rather, it is clear from the record, and Respondent admits, that Stewart has exhausted all three grounds for relief set forth in the Petition.  Doc. 5, p. 16.   Stewart has not filed a motion to amend the Petition or otherwise argued any additional claims in this habeas action.  Accordingly, this is not a "mixed petition" case that would permit the Court to apply the standard set forth in *Rhines* to consider whether to stay exhausted claims pending the resolution of unexhausted claims.  *Stedman*, 2006 U.S. Dist. LEXIS 72368 at *2.

Moreover, even if the Petition was considered a "mixed petition," Stewart would not meet the conditions for a stay set forth in *Rhines*.  Stewart has not provided the Court any good cause for his failure to exhaust his state remedies with regard to the unspecified issues he intends to raise in the new state post-conviction proceedings.  In addition, since he has not stated what grounds he intends to raise, there is no basis for the Court to conclude that such grounds are potentially meritorious or that Stewart is not engaged in intentionally dilatory litigation tactics. Therefore, applying the *Rhines* standard, Stewart's Motion should be denied.

III.

For all of the foregoing reasons, this Court should deny the Motion filed by Petitioner Darrion A. Stewart.  Doc. No. 7.  In addition, the Court should order Petitioner Stewart to file a Traverse responding to Respondent's Answer/Return of Writ within 30 days from the entry of the order denying the Motion and should order Respondent to reply, if necessary, to Petitioner's Traverse within 15 days from the filing of the Traverse.

Dated: September 13, 2011              *s/Kathleen B. Burke*
                                                        **KATHLEEN B. BURKE**
                                                        U.S.  MAGISTRATE JUDGE

<u>**OBJECTIONS**</u>

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**