IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darrion A. Stewart,                                 Case No. 3:11CV507

          Plaintiff

v.                                                           ORDER

Don Mogan, Warden,

          Defendant

       This is a habeas corpus case in which the petitioner has filed, as his objection to a Magistrate Judge's Report and Recommendation (Doc. 9), a motion to dismiss his petition without prejudice. (Doc. 10). The respondent opposes the motion to dismiss. (Doc. 12).

       For the reasons that follow, the motion to dismiss will be denied (unless petitioner files a notice within two weeks of voluntary dismissal) *with prejudice*.

       Petitioner initially sought to have adjudication of his petition held in abeyance pending the Ohio Supreme Court's adjudication of *State v. Lester*, --- N.E.2d ----, 2011 WL 4862414 (2011), which occurred on October 13, 2011. The Magistrate Judge recommended denial of that request.

       In his objection, petitioner states that what he intended to accomplish by his motion to hold in abeyance was a voluntary dismissal without prejudice pending adjudication of *Lester*.

At issue in *Lester* was whether a *nunc pro tunc* order correcting a clerical error in a sentence was a final order that revived the opportunity to take an appeal. Because petitioner viewed *Lester* as possibly causing such to occur, he deemed his claims potentially unexhausted.

The Magistrate Judge disagreed, finding that the petitioner had exhausted his claims, so that holding adjudication in abeyance was not necessary. He ordered the petitioner to file a traverse to the return of writ within thirty days.

The Magistrate Judge's decision was correct. In *Lester* the Court held: "*nunc pro tunc* judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *Id*., Syllabus ¶ 2.

It appearing that petitioner's claims have been exhausted and no basis for allowing dismissal without prejudice exists, it is hereby

ORDERED THAT:

1. Petitioner's objection/motion to dismiss without prejudice be, and the same hereby are overruled;

2. Petitioner shall file a traverse to the return of writ on or before December 30, 2011; respondent to reply on or before January 31, 2012.[1]

So ordered.

/s/ James G. Carr
Sr. United States District Judge

---

[1] I *sua sponte* extend the time within which the *pro se* petitioner can file the traverse to the return of writ.